# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR # P-48941<br><br>Plaintiff,<br><br>vs.<br><br>P. COWAN; B. MORRIS; P.A. CORTEZ; G. PEDERSON; J.S. VALASKANT,<br><br>Defendants. | Civil No. 11cv0953 DMS (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a "Motion and Declaration for Appointment of Counsel" [ECF No. 3].

///

///

I.

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

II.

**MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A

1  finding of exceptional circumstances requires an evaluation of both the 'likelihood of success
2  on the merits and the ability of the plaintiff to articulate his claims pro se in light of the
3  complexity of the legal issues involved.' Neither of these issues is dispositive and both must be
4  viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d
5  1328, 1331 (9th Cir. 1986)).

6  The Court denies Plaintiff's request without prejudice, as neither the interests of justice
7  nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,
8  827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.
#### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

11  The PLRA also obligates the Court to review complaints filed by all persons proceeding
12  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
13  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
14  conditions of parole, probation, pretrial release, or diversionary program," "as soon as
15  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these
16  provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,
17  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
18  are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

19  **A.   42 U.S.C. § 1983 Liability**

20  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
21  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
22  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
23  United States. *See* 42 U.S.C. § 1983.

24  **B.   Rule 8**

25  As a preliminary matter, the Court finds that Plaintiff's Complaint fails to comply with
26  Rule 8. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it
27  must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short
28  and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P.

8(a)(1) & (2). Plaintiff's Complaint is rambling and incoherent at times. If Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8.

### C.     Fourteenth Amendment Due Process claims

Plaintiff alleges that his due process rights were violated during his disciplinary hearing because several correctional officers falsified rules violation reports which led to Plaintiff being sentenced to Administrative Segregation ("Ad-Seg"). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of

1  prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the
2  Court could find there were atypical and significant hardships imposed upon him as a result of
3  the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions"
4  of his confinement that would give rise to a liberty interest before he can claim a violation of due
5  process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*
6  *by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed
7  to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process
8  claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that
9  placing an inmate in administrative segregation for thirty days "did not present the type of
10 atypical, significant deprivation in which a state might conceivably create a liberty interest.").

11    **D.    Conspiracy Claims**

12    Throughout Plaintiff's Complaint, he alleges that several correctional officers acted in
13 a conspiracy to violate his constitutional rights pursuant to 42 U.S.C. § 1985(3). "To state a
14 cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any
15 person or a class of persons the equal protection of the laws, or of equal privileges and
16 immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy,
17 and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen
18 of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin*
19 *v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536
20 (9th Cir. 1992). "[T]he language requiring intent to deprive *equal* protection . . . means that
21 there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus
22 behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

23    Here, Plaintiff fails to allege membership in a protected class and fails to allege that any
24 Defendant acted with class-based animus, both of which are essential elements of a cause of
25 action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz v. Sundberg*, 759
26 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a
27 judicially-designated suspect or quasi-suspect class); *Portman v. County of Santa Clara*, 995
28 F.2d 898, 909 (9th Cir. 1993).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### IV

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

///

///

///

6. Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

7. The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED: May 10, 2011

HON. DANA M. SABRAW
United States District Judge