# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR #P-48941, <br><br> Plaintiff, <br><br> vs. <br><br> P. COWAN; B. MORRIS; P.A. CORTEZ; G. PEDERSON; J.S. VALASKANT, <br><br> Defendants. | Civil No.  11-0953 DMS (JMA) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> **[ECF No. 6]** |

Currently before the Court is Plaintiff's "Motion for Reconsideration on Failing to State a Claim" [ECF No. 6]. In this Motion, Plaintiff seeks reconsideration of the Court's May 10, 2011 Order granting Plaintiff's Motion to Proceed *in forma pauperis* ("IFP"), denying his Motion for Appointment of Counsel, and dismissing the Complaint for failing to state a claim.

## I.
## Procedural History

On May 2, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b). *See* May 10, 2011 Order at 6-7. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id*. Instead of filing an Amended Complaint, Plaintiff filed the Motion that is currently before this Court.

## II.

## Plaintiff's Motion

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

### B. Plaintiff's Arguments

In his Motion, Plaintiff's arguments are rambling and, at times, incoherent. In the Court's Order dated May 10th, the Court found a number of deficiencies in Plaintiff's Complaint. In his Motion, Plaintiff makes the argument that there is no "injury" requirement for a retaliation claim. However, the Court did not address a deficiency in Plaintiff's retaliation claims in the May 10th Order. Moreover, Plaintiff disagrees with the Court's finding that he failed to allege a Fourteenth Amendment due process claim, but provides no argument to contradict the Court's findings. A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff has failed to show that the Court rendered a "manifestly unjust decision," and has further failed to identify any intervening changes in controlling law which justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255; *School Dist. No. 1J*, 5 F.3d at 1263.

In addition, Plaintiff requests a copy of his Complaint, along with the Exhibits that he attached to his Complaint. The Court will direct the Clerk of Court to provide Plaintiff with a copy of his Complaint and the attached Exhibits. However, the Court will not continue to provide him with free photocopies of any future pleadings he chooses to file.

## III.

## Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration [ECF No. 6] is hereby DENIED. The Clerk of Court is directed to mail Plaintiff a copy of his Complaint and Exhibits [ECF No. 1].

**IT IS SO ORDERED.**

DATED: June 1, 2011

HON. DANA M. SABRAW
United States District Judge