UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR #P-48941,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>P. COWAN; B. MORRIS; P.A. CORTEZ; G. PEDERSON; J.S. VALASKANT,<br><br>　　　　　　　　　　　Defendants. | Civil No.　11-0953 DMS (JMA)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a) [ECF No. 11];**<br><br>**AND**<br><br>**2) DIRECTING CLERK TO PROVIDE PLAINTIFF WITH COPY OF ORIGINAL COMPLAINT AND GRANTING EXTENSION OF TIME TO AMEND** |

**I.　PROCEDURAL HISTORY**

Plaintiff, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 2, 2011, along with a Motion to Proceed *In Forma Pauperis* (IFP) and a Motion for Appointment of Counsel.

/ / /

/ / /

1    On May 10, 2011, the Court granted Plaintiff's Motion to Proceed IFP, but denied his Motion for Appointment of Counsel and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See* May 10, 2011 Order [ECF No. 4] at 6.

Specifically, the Court found:  1) to the extent Plaintiff sought to challenge the fairness of prison disciplinary proceedings, he failed to allege an "atypical and significant deprivation" sufficient to invoke due process protection under *Sandin v. Conner*, 515 U.S. 472, 486 (1995), (*id.* at 4-5);  2) to the extent Plaintiff suggested Defendants conspired against pursuant to 28 U.S.C. § 1985(3), he failed to "allege membership in a protected class" or that any Defendant "acted with class-based animus," (*id.* at 5, *citing Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980; *Griffin v. Breckenridge*, 403 U.S. 88, 102-3 (1971)); and 3) to the extent the remainder of his pleading was "rambling and incoherent," it failed to comply with FED.R.CIV.P. 8.  (*Id.* at 3-4.)  Nonetheless, because it was not absolutely clear that Plaintiff could not cure these deficiencies, *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2003) (en banc) (noting that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured") (citations omitted), Plaintiff was granted 45 days leave in which to file an Amended Complaint.  (*Id.* at 6-7.)

Instead of filing an Amended Complaint, on May 31, 2011, Plaintiff filed a Motion for Reconsideration of the Court's Order.  The Court denied reconsideration on June 1, 2011, however, because Plaintiff failed to show how or why its May 10, 2011 decision was erroneous or "manifestly unjust."  *See* June 1, 2011 Order [ECF No. 7] at 2.  At the same time, the Court granted Plaintiff's request for a copy of his original Complaint, as well as its attached exhibits, assuming they would aid Plaintiff in amendment.  The Court directed the Clerk to provide Plaintiff with a copy of his original Complaint, together with its almost 100 pages of exhibits, but cautioned him that it would "not continue to provide him with free photocopies of any future pleadings he choose[] to file."  *Id.*

On June 15, 2011, Plaintiff submitted a "Status Request" on his Motion for Reconsideration and request for copies  [ECF No. 8].  While there was no indication in the docket that the Court's June 1, 2011 Order had been returned as undelivered, in an abundance

of caution, the Court again informed Plaintiff that his Motion had been denied on June 1, 2011, and that the Clerk had already provided him a copy of his Complaint and exhibits. The Court also directed the Clerk to send Plaintiff *another* copy of its June 1, 2011 Order [ECF No. 7]. At that time, Plaintiff still had approximately two weeks within which to file his Amended Complaint.

On July 22, 2011, almost one month *after* his Amended Complaint was due, Plaintiff submitted a Motion for Recusal and Disqualification pursuant to 28 U.S.C. § 455(a) [ECF No. 11]. In this Motion, Plaintiff claims a deputy court clerk has violated his "right to access to the court" by failing to "send [him] a copy of [his original] complaint and exhibits" and the Court has expressed "bias and prejudice against [him]" by dismissing his due process claims. (Pl.'s Mot. at 4-7.)

## II. PLAINTIFF'S MOTION FOR RECUSAL PER 28 U.S.C. § 455

"'In the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him,'" *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)), "except those in which [his] 'impartiality might reasonably be questioned.'" *Id.* (citing 28 U.S.C. § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.")). A motion to disqualify "must be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 549 (1994).

Here, Plaintiff claims this Court's impartiality is in question based solely on its previous Order dismissing his Complaint for failing to state a claim pursuant to the sua sponte screening provisions of 28 U.S.C. § 1915(e)(2) and § 1915A(b). Specifically, and despite the fact that his previous Motion for Reconsideration has already been denied, Plaintiff "disagrees with the Court's finding that he failed to allege a Fourteenth Amendment due process claim," and argues that its May 10, 2011 "ruling was an outright lie." *Id.* at 7.

However, the Supreme Court has held that judicial rulings and the opinions formed by judges on the basis of facts introduced in the course of proceedings "almost never constitute a

1 valid basis for a bias or partiality motion ... unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see also Holland*, 501 F.3d at 1124 ("[Section] 455 is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of the [case.]"). "Put differently, the judge's conduct," including "the mere fact that a judge has previously expressed an opinion on a point of law," or has issued adverse "prior rulings in the proceeding," does not "'except in the rarest of circumstances'" form the sole basis for recusal under § 455(a)." *Holland*, 501 F.3d at 1124-25 (citations omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1159-60 (9th Cir. 1999).

Plaintiff has made no showing of "rare circumstances," *Holland*, 501 F.3d at 1124 n.4, or "deep-seated favoritism or antagonism" of any sort here. *Liteky*, 510 U.S. at 555. And absent some specific allegation of personal bias, prejudice or interest, the mere fact that this Court exercised its statutory duty under 28 U.S.C. § 1915(e)(2) and § 1915A(b) and found his Complaint insufficient to state a claim, is not enough to show that the Court's impartiality may reasonably be questioned. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to require recusal); *see also McChristion v. Hood*, 551 F. Supp. 1001, 1005-06 (N.D. Ind. 1982) ("To require a change of judge because of a prisoner's allegation of judicial bias, based on nothing more that the fact that the inmate has litigated matters in the past before the same judge, would quickly wreak havoc in the federal judiciary's handling of prisoner cases.").

Finally, to the extent Plaintiff suggests a deputy court clerk is biased against him because he did not receive a copy of his original Complaint and exhibits, which the Court directed be mailed to him as a mere *courtesy* in light of his pro se status, Plaintiff has offered absolutely no evidence to support such a charge, and no document issued by this Court has ever been returned as undeliverable. Prisoners have no constitutional right to free photocopy services. *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990) (per curiam).

/ / /

Accordingly, for all the reasons set forth above, Plaintiff's Motion for Recusal pursuant to 28 U.S.C. § 455(a) [ECF No. 11] is DENIED. However, because the time previously granted to Plaintiff for filing an Amended Complaint has elapsed, he is proceeding without counsel and still claims not to have received copies of his original Complaint and its exhibits, the Court will GRANT Plaintiff an additional forty-five days (45) days of leave within which to submit his Amended Complaint. Plaintiff is cautioned, however, that his Amended Complaint must address the deficiencies of pleading previously identified in the Court's May 10, 2011 Order [ECF No. 4], and must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Finally, the Court advises Plaintiff that no further photocopies will be provided and no additional extensions of time will be granted absent extraordinary circumstances.

## III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Recusal pursuant to 28 U.S.C. § 455 [ECF No. 11] is DENIED.

2. Plaintiff is GRANTED an additional forty-five (45) days leave in which to file an Amended Complaint; and

3. The Clerk of Court is DIRECTED to provide Plaintiff with another copy of: a) his original Complaint and its attached exhibits [ECF No. 1]; b) the Court's May 10, 2011 Order [ECF No. 4]; and c) the Court's approved form § 1983 Complaint for Plaintiff's use in amending. Plaintiff is hereby notified that if he chooses *not* to file a Amended Complaint within 45 days, this matter shall remain dismissed failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and for failing to comply with Court Orders.

DATED: August 10, 2011

                                            HON. DANA M. SABRAW
                                            United States District Judge