# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR # E-66269<br><br>                              Plaintiff,<br><br>vs.<br><br>P. COWAN; B. MORRIS; P.A. CORTEZ; G. PEDERSON; J.S. VALASKANT,<br><br>                             Defendants. | Civil No.  11cv0953 DMS (JMA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.

### PROCEDURAL HISTORY

Plaintiff, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 2, 2011, along with a Motion to Proceed *In Forma Pauperis* (IFP) and a Motion for Appointment of Counsel.  On May 10, 2011, the Court granted Plaintiff's Motion to Proceed IFP, but denied his Motion for Appointment of Counsel and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* May 10, 2011 Order [ECF No. 4] at 6.  Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.*  On August 22, 2011, Plaintiff filed his First Amended Complaint ("FAC").

## II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A.  42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B.  Retaliation

Plaintiff claims that the Defendants, who were part of the committee that heard Plaintiff's disciplinary violation, retaliated against him by finding him guilty of a serious rules violation. (*See* FAC 3-4.) Plaintiff claims that the actions taken were in retaliation for Plaintiff reading his grievances at the disciplinary hearing to the committee members in defense of his position that he was not guilty of a serious rules violation. (*Id.*)

In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005),

/ / / / /

(citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)).

Here, Plaintiff's allegations are not clear. It appears that he is claiming that the retaliation comes from the presentation of his defense during the hearing. (*See* FAC at 3-4.) Plaintiff was found guilty of the offense at the conclusion of the hearing. (*Id.*) Plaintiff has alleged no facts to suggest that the actions of Defendants did not reasonably advance a legitimate correctional goal nor does Plaintiff allege any facts to show that his First Amendment rights were "chilled." Plaintiff's claims that the actions by Defendants were directly related to the fact that he spoke up in his defense during the hearing simply do not contain enough facts for the Court to find that the guilty verdict was in response to Plaintiff's exercise of his First Amendment rights. If the Court were to follow Plaintiff's logic, than every prisoner who presented a defense during a disciplinary hearing, and was later found guilty, would have a retaliation claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, ___; 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

**C.     Fourteenth Amendment Due Process Claims**

Plaintiff alleges that his due process rights were violated during his disciplinary hearing because several correctional officers falsified rules violation reports which led to Plaintiff being sentenced to Administrative Segregation ("Ad-Seg"). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an

opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III.
### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Second Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. The Clerk of the Court is directed to mail a form civil rights complaint to Plaintiff.

DATED: October 25, 2011

HON. DANA M. SABRAW
United States District Judge