# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE,<br>CDCR # E-66269<br><br>                              Plaintiff,<br><br>vs.<br><br>P. COWAN; B. MORRIS; P.A. CORTEZ;<br>G. PEDERSON; J. VALASKANT,<br><br>                              Defendants. | Civil No.   11cv0953 DMS (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** |

## I.

### PROCEDURAL HISTORY

Plaintiff, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 2, 2011, along with a Motion to Proceed *In Forma Pauperis* (IFP) and a Motion for Appointment of Counsel. On May 10, 2011, the Court granted Plaintiff's Motion to Proceed IFP, but denied his Motion for Appointment of Counsel and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* May 10, 2011 Order [ECF No. 4] at 6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On August 22, 2011, Plaintiff filed his First Amended Complaint ("FAC").

Once again, the Court found that Plaintiff had failed to state a claim upon which relief could be granted and dismissed his First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). *See* October 25, 2011 Order at 5. Plaintiff was granted leave to file a Second Amended Complaint. Plaintiff was also cautioned that any claims not re-alleged or Defendants not re-named would deemed waived. *Id.* at 5 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). On November 7, 2011, Plaintiff filed his Second Amended Complaint ("SAC"). In his Second Amended Complaint, Plaintiff no longer names as Defendants Cowan, Morris or Valaskant. Thus, these Defendants are dismissed from this action. *King*, 814 F.2d at 567.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A.     42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

/ / /

/ / /

/ / /

**B.     Retaliation**

Plaintiff's allegations are difficult to decipher and disjointed. It appears that Plaintiff is alleging that Defendant Cortez wrote a false disciplinary report against Plaintiff because of statements made by Plaintiff during his classification hearing. (*See* SAC at 3.)

In order to prevail on a claim of retaliation, Plaintiff must ultimately be able to prove the following five factors: "(1) [a]n assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)).

As was the case with Plaintiff's First Amended Complaint, he sets forth conclusory statements with insufficient specific factual allegations. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, as stated in the Court's previous Order, there is no allegation that the actions taken by Defendants did not "reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-69. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

**C.     Fourteenth Amendment Due Process claims**

Plaintiff also once again alleges that his due process rights were violated during his disciplinary hearing when Defendant Pederson allegedly refused to allow Plaintiff to obtain witness statements which resulted in Plaintiff being sentenced to Administrative Segregation ("Ad-Seg"). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."

*Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process.  *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim.  *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that

placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's Second Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Second Amended Complaint [ECF No. 28] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

2) **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: December 6, 2011

_____
HON. DANA M. SABRAW
United States District Judge